UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALISON LOU LLC,<br><br>    Plaintiff,<br><br>    - v -<br><br>SHEIN DISTRIBUTION CORP.,<br><br>    Defendant. | No. 23 CV 1268<br><br>**COMPLAINT**<br><br>Jury Demand |

Plaintiff Alison Lou LLC alleges as follows against Defendant Shein Distribution Corp.:

## SUMMARY OF THE CASE

1. This is an action for copyright infringement.

2. Plaintiff Alison Lou LLC ("Alison Lou") is a fine jewelry company based in New York City.

3. Alison Lou designs, manufactures, markets, and sells fine jewelry.

4. Defendant Shein Distribution Corp. ("Shein") is a United States operating company of a China-based global conglomerate that conducts substantial e-commerce business in New York state and within this District.

5. As described below, Defendant Shein illegally manufactures and sells cheap, low-quality copies of Plaintiff's original, copyrighted "TULIP STUD" jewelry design (defined below).

6. Defendant Shein is not authorized to sell copies of Plaintiff's copyrighted TULIP STUD jewelry design.

7.     Plaintiff therefore seeks damages and other relief under the Copyright Act. (17 U.S.C. 55 101 *et seq.*)

## PARTIES

8.     Plaintiff Alison Lou is a corporation formed under the laws of the State of New York with its principal place of business and headquarters in New York, New York.

9.     Plaintiff designs, manufactures, and sells its fine jewelry under the ALISON LOU registered trademark. Alison Lou jewelry is sold throughout the United States and around the world.

10.    Alison Lou jewelry is displayed and offered for sale in Plaintiff's retail boutiques located in New York City and East Hampton, New York; through authorized retailers throughout the United States and globally, in both "brick & mortar" stores and online; through wholesale channels; and via Plaintiff's own e-commerce website.

11.    Defendant Shein is a corporation formed under the laws of the State of Delaware with its principal executive office at 757 S Alameda St Ste 220, Los Angeles, California.

12.    Defendant Shein infringed Plaintiff's rights under the Copyright Act by reproducing and selling copies of Plaintiff's original work.

13.    Upon information and belief, Defendant obtained Plaintiff's work via Plaintiff's website and elsewhere on the internet, then mass-produced and sold low-quality copies without Plaintiff's permission.

14.    Defendant Shein is the seller and payment collection entity for the global Shein group's products and services made available to customers in the United States, including customers in this District.

15. Defendant Shein markets, distributes and sells copies of Alison Lou LLC's original copyrighted jewelry design, TULIP STUD, which Defendant produces and sells as "2pairs Flower Decor Stud Earrings" through websites (including http://www.shein.com) and apps (including the Shein mobile app available on Apple's App Store (for iOS devices) and on the Google Play app store (for Android devices)) that are directed at and intended for commercial use by persons in this District.

16. Defendant Shein contracted to ship and to supply goods, including the counterfeit copies of Plaintiff Alison Lou LLC's original copyrighted jewelry design described in this Complaint, to persons in New York.

17. Defendant Shein shipped and caused to be shipped goods, including the counterfeit copies of Alison Lou LLC's original copyrighted jewelry design described in this Complaint, to persons in New York.

18. On information and belief, other persons or entities whose identities are not yet known to Plaintiff — including Shein group affiliates — engaged in or contributed to the unlawful conduct alleged in this Complaint. Plaintiff will seek leave of Court to assert claims against such persons or entities when they become known.

**JURISDICTION AND VENUE**

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this claim arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

20. Venue is proper under 28 U.S.C. § 1400(a); alternatively, venue is proper under 28 U.S.C. § 1391(b).

21. This Court has personal jurisdiction over Defendant because it transacts business in New York, including by marketing and offering for sale infringing copies of

Plaintiff's copyrighted jewelry design to persons in New York; by contracting to sell infringing copies of Plaintiff's copyrighted jewelry design to persons in New York; by distributing and delivering infringing copies of Plaintiff's copyrighted jewelry design to persons in New York; and by operating interactive websites, apps and social media pages for use by and directed at consumers and other persons in New York.

## FACTUAL ALLEGATIONS

22. Alison Chemla, an innovator in the design, creation, and marketing of fine jewelry, is the founder and principal of Alison Lou LLC, the Plaintiff in this action.

23. Seeking to design and create pieces of fine jewelry that combine elements of wit and whimsy with elegant materials and superior craftsmanship, Alison Chemla founded the fine jewelry company Alison Lou LLC in New York City in 2012.

24. Plaintiff Alison Lou creates exclusive jewelry collections using elegant, top quality materials—including precious metals, enamels, and gems—under the registered U.S. trademark ALISON LOU.

25. Alison Lou has established extensive goodwill, and earned a strong following among tastemakers and celebrities.

26. Plaintiff Alison Lou markets and sells its products through its own retail stores, authorized retailers' stores, authorized retailers' ecommerce sites, wholesale channels, and its own website.

## THE TULIP STUD COPYRIGHT

27. Among Alison Chemla's fine jewelry designs is TULIP STUD, an original jewelry design.

28. Alison Chemla created TULIP STUD in or about February 2020.

29. At all relevant times, Alison Chemla has exclusively licensed her jewelry designs to Plaintiff Alison Lou, including TULIP STUD.

30. TULIP STUD is part of Plaintiff Alison Lou's earrings collection. A picture of TULIP STUD appears below and is attached to this Complaint as Exhibit A.



31. In or about March 2020, Plaintiff Alison Lou first sold the original jewelry design TULIP STUD.

32. At all relevant times, Alison Chemla complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyrights in TULIP STUD.

33. Alison Chemla received a Certificate of Registration from the United States Copyright Office for TULIP STUD (Certificate No. VA 2-320-285), with an Effective Date of Registration of September 8, 2022, and a Date of First Publication of March 1, 2020. A copy of the Certificate of Registration is attached to this Complaint as Exhibit B.

34. On or about November 22, 2022, Alison Chemla and Plaintiff Alison Lou LLC entered into a Copyright Assignment and Transfer Agreement, whereby Alison Chemla assigned and transferred the TULIP STUD copyright to Plaintiff Alison Lou LLC. A copy of

the Copyright Assignment and Transfer Agreement is attached to this Complaint as Exhibit C.

35. Plaintiff Alison Lou LLC, with the cooperation of Alison Chemla, recorded the Copyright Assignment and Transfer Agreement with the U.S. Copyright Office on December 15, 2022.

36. Since its creation, TULIP STUD has been manufactured, marketed, and sold exclusively by Ms. Chemla, by Plaintiff Alison Lou, or under her or its authority.

37. Plaintiff Alison Lou has expended and continues to expend a substantial investment of time, effort, and money, on the design, manufacturing, and marketing of its jewelry featuring the TULIP STUD design.

## DEFENDANT SHEIN'S INFRINGING ACTIVITIES

38. Defendant Shein advertises and sells jewelry products that deliberately copy Plaintiff's copyrighted jewelry design of TULIP STUD.

39. Defendant Shein has offered for sale unauthorized and infringing copies of Plaintiff's copyrighted jewelry design of TULIP STUD, including on an e-commerce storefront available to the public at http://www.shein.com.

40. Defendant displayed Plaintiff's copyrighted jewelry design of TULIP STUD without authorization on its commercial website, as depicted here:



41. Defendant's e-commerce website, www.shein.com, describes Plaintiff Alison Lou's copyrighted jewelry design of TULIP STUD as "2pairs Flower Decor Stud Earrings" (the "Infringing Product"), which Defendant offers for sale for two dollars.

42. Annexed as Exhibit D is a copy of Defendant's website, which offers for sale unauthorized and infringing copies of the Infringing Product.

43. Defendant did not license the copyrighted jewelry design of TULIP STUD from Plaintiff for commercial use or for any other purpose; and Defendant is not authorized to use Plaintiff's work for any purpose.

44. Defendant did not have Plaintiff's permission or consent to publish the copyrighted jewelry design of TULIP STUD on its website or to reproduce TULIP STUD for commercial sale.

45. No one but Plaintiff is authorized to manufacture, import, export, advertise, offer for sale or sell its original copyrighted jewelry design of TULIP STUD without Plaintiff's written permission.

46. Upon information and belief, Defendant Shein has received substantial revenues and profits as a result of Defendant's infringing and unlawful conduct, to which Defendant is not entitled.

### FIRST CAUSE OF ACTION – COPYRIGHT INFRINGEMENT

47. Plaintiff realleges each and every allegation contained in the foregoing paragraphs.

48. Defendant infringed Plaintiff's copyright in the original jewelry design of TULIP STUD by reproducing and publicly displaying TULIP STUD on the website http://www.shein.com.

49. Defendant infringed Plaintiff's copyright in the original jewelry design of TULIP STUD by reproducing, offering for sale, and selling unauthorized copies of the copyrighted jewelry design of TULIP STUD.

50. Defendant is not and has never been licensed to reproduce, display, distribute or use the copyrighted jewelry design of TULIP STUD.

51. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and other exclusive rights in violation of the Copyright Act, *e.g.*, 17 U.S.C. §§ 106 and 501.

52. The foregoing acts of infringement by Defendant are willful, intentional, and in knowing and deliberate disregard of Plaintiff's copyright.

53. As a direct and proximate result of the foregoing acts of infringement, Plaintiff is entitled to damages. 17 U.S.C. § 504(b).

54. Defendant's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Plaintiff repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendant's acts and continuing acts. Plaintiff's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of TULIP STUD, and all molds or such other mechanisms by which such infringing copies were produced, be seized, impounded and destroyed.

55. Plaintiff is entitled to attorney's fees and costs. 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

a. for a judgment that Defendant has infringed upon Plaintiff's copyright in TULIP STUD;

b. for an award of Plaintiff's actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the original jewelry design of TULIP STUD under 17 U.S.C. § 501(a);

c. in the alternative to Plaintiff's actual damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to final judgment;

    d.    for a temporary, preliminary and permanent injunction prohibiting Defendant or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or indirectly of such injunction from:

        i.    manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and otherwise dealing in infringing products including the Infringing Product;

        ii.    secreting, destroying, altering, removing, or otherwise dealing with the Infringing Product or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and otherwise using infringing products including the Infringing Product;

        iii.    instructing, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in the foregoing subparagraphs.

    e.    For an order of the Court requiring that Defendant recall from any distributors and retailers and deliver up to Plaintiff for destruction any infringing products including the Infringing Product and any and all advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's copyrights or other rights;

    f.    For an order of the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and otherwise dealing in infringing products including the Infringing Product, including prejudgment interest;

    g.    For Plaintiffs' reasonable attorneys' fees;

    h.    For all costs of suit; and

    i.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury on all issues so triable in accordance with Fed. R. Civ. P. 38.

Dated: February 15, 2023  
New York, New York

MULLEN P.C.

By: Wesley M. Mullen (WM1212)  
Vincent R. FitzPatrick III (VF7415)  
745 Fifth Avenue, Ste. 500  
New York, NY 10151  
wmullen@mullenpc.com  
vfitzpatrick@mullenpc.com  
(646) 632-3718

*Attorneys for Plaintiff Alison Lou LLC*