VINCENT R. FITZPATRICK III                    MULLEN P.C.

745 FIFTH AVENUE | SUITE 500
NEW YORK, NY 10151

March 30, 2023

Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _4/3/2023_

VIA CM/ECF

> Re:     Alison Lou LLC v. Shein Distribution Corp.,
>         No. 1:23-cv-01268-JHR

Your Honor:

I represent Plaintiff Alison Lou LLC in the referenced action and I write jointly with Mr. Edward Altabet, counsel for Defendant Shein Distribution Corp.

This letter sets forth Defendant's request, with Plaintiff's consent, for an adjournment of the initial pretrial conference currently scheduled for April 6, 2023 at 11:30 am to April 13, 2023; April 20, 2023; or another date convenient for the Court.

The Parties also submit this letter to accompany the proposed Civil Case Management Plan and Scheduling Order filed and submitted herewith as Exhibit A, in accordance with the Court's Notice of Initial Pretrial Conference entered March 21, 2023, (ECF Doc. 12), and Rule 3.B of the Court's Individual Rules and Practices in Civil Cases.

**A.      Request to adjourn scheduled pretrial conference**

The Court's Notice of Initial Pretrial Conference entered March 21, 2023, (ECF Doc. 12), scheduled an initial pretrial conference in this action on April 6, 2023 at 11:30 am.

The scheduled conference falls during the Passover holiday. Accordingly, Defendant respectfully requests an adjournment of the initial pretrial conference until April 13, 2023; April 20, 2023; or another date convenient for the Court. Plaintiff's counsel consents to this request.

**B.      Information required in accordance with the Court's Notice of IPTC**

> **1.      Counsel for the parties**

*For Plaintiff Alison Lou LLC*

Vincent R. FitzPatrick III
Mullen P.C.
745 Fifth Avenue
Suite 500
New York, NY 10151
646-632-3718
vfitzpatrick@mullenpc.com

Wesley M. Mullen
Mullen P.C.
745 Fifth Avenue
Suite 500
New York, NY 10151
646-632-3718
wmullen@mullenpc.com

*For Defendant Shein Distribution Corp.*

Edward Daniel Altabet
Cohen Seglias Pallas Greenhall & Furman PC
55 Broadway
Suite 901
New York, NY 10006
212-871-7400
ealtabet@cohenseglias.com

**2.    A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case**

*a.      Summary of Plaintiff's action*

This is an action for copyright infringement.

Alison Lou LLC is a fine jewelry company based in New York City. Its Complaint alleges that Defendant infringed Plaintiff's copyright by reproducing, offering for sale, and selling unauthorized copies of the copyrighted jewelry design TULIP STUD (Certificate No. VA-2-320-285), which is part of the Plaintiff's earrings collection.

Defendant Shein Distribution Corp. ("Shein") is the seller and payment collection entity for the global Shein group's products and services made available to customers in the United States, including customers in this District. Defendant markets, distributes and sells knockoff copies of Plaintiff's original copyrighted jewelry design, TULIP STUD, which Defendant produces and sells as "2pairs Flower Decor Stud Earrings."

Defendant infringed Plaintiff's copyright in the original jewelry design of TULIP STUD by reproducing, offering for sale, and selling unauthorized copies of TULIP STUD. The infringement is evidenced by copies of the Defendant's ecommerce website annexed to the Complaint.

Plaintiff seeks damages and other relief under the Copyright Act.

*b.      Defendant's principal defenses*

Defendant Shein Distribution Corporation intends to dispute liability on the grounds that Plaintiff's copyright consists largely of unprotectable elements, and that any similarity between Plaintiff's jewelry design and Defendant's products is the result of them sharing similar ideas or concepts, not copyrightable expression. Defendant further submits that it generally sells finished products provided by third-party vendors who represent that their products no not infringe the intellectual-property rights of any other party.

Defendant contends that Plaintiff is not eligible to recover statutory damages or attorney's fees under the Copyright Act, that Plaintiff's actual damages are minimal, and that any reward of infringer's profits must be reduced substantially on apportionment grounds.

### 3.     Jurisdiction and venue

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim for copyright infringement arises under the Copyright Act, 17 U.S.C. §§ 101 et seq.

Venue lies in this Court under 28 U.S.C. § 1400(a) because Shein transacts business in, and is subject to personal jurisdiction in, New York. In the alternative, venue is proper under 28 U.S.C. § 1391(b).

### 4.     Deadlines

Defendant's response to the Complaint is due April 4, 2023. (ECF Doc. 11.)

The Court's Notice of Initial Pretrial Conference entered March 21, 2023, (ECF Doc. 12), ordered counsel for all Parties to appear for an initial pretrial conference on April 6, 2023 at 11:30 am. As noted above, Defendant respectfully requests an adjournment (on consent) of the initial pretrial conference until April 13, 2023; April 20, 2023; or another date convenient for the Court.

### 5.     A brief description of any outstanding motions, including the date such motions were filed and the nature of the relief sought

There is no outstanding motion.

### 6.     A statement and description of any pending appeals

There is no pending appeal.

### 7.     A description of any discovery that has already taken place and of any discovery that needs to be completed

Discovery has not commenced.

### 8.     A brief description of the status of prior settlement discussions, without disclosing exact offers and demands

The Parties are engaged in preliminary settlement discussions, and are discussing the possibility of exchanging information for settlement purposes only.

### 9.     A statement of whether the parties have discussed employing alternative dispute resolution mechanisms and whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) the retention of a private mediator would be productive and, if so, when (e.g., within the next 60 days, after the deposition of the plaintiff is completed, at the close of fact discovery, etc.)

The Parties have not discussed employing alternative dispute resolution.

10.     **An estimate of the length of trial**

Plaintiff estimates an approximately 4-day jury trial, should trial be necessary, inclusive of jury selection.

11.     **Any other information that the parties believe may assist the Court in advancing the case, including, but not limited to, a description of any dispositive or novel issue raised by the case**

None.

\*          \*          \*

The Parties thank the Court for its consideration.

Respectfully submitted,

*Vincent R. FitzPatrick III*
Vincent R. FitzPatrick III

cc:      Edward Daniel Altabet, counsel for Defendant (via CM/ECF)

The parties' joint request for an adjournment of the initial pretrial conference scheduled for April 6, 2023, at 11:30 A.M. (ECF No. 14) is GRANTED.  The conference is RESCHEDULED for April 13, 2023, at 12:15 P.M., and shall take place via Microsoft Teams.  The parties shall refer to ECF No. 12 for information needed to access the conference.
SO ORDERED.

*Jennifer H. Rearden*
April 3, 2023